HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10.<br><br>　　　　　　　Defendants. | NO.  CV07-5158 FDB<br><br>PLAINTIFF'S MOTION FOR ORDER COMPELLING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT<br><br>**Noted For: July 31, 2007**<br>**ORAL ARGUMENT REQUESTED** |

　　　　Plaintiff, by and through its attorney undersigned, seeks immediate relief as set forth below.

## I.  RELIEF REQUESTED

　　　　On July 3, 2007 (at Docket 26) this Court entered an Order Granting Plaintiff's Motion for Injunctive Relief, which ordered in part:

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

> Defendants are hereby prohibited from any further use of any and all confidential information and trade secrets given to Defendants by Plaintiff and shall return such information to Plaintiff within 20 days.

As of 5:00 p.m. on July 23, 2007, exactly 20 days after the entry of the Court's Order, defendants have done nothing to comply with this mandatory directive. (Declaration of Robert Christie.) Plaintiff therefore seeks an order compelling defendants to immediately appear in court and show cause why they should not be held in contempt for the willful failure to comply with this order.

## II.  STATEMENT OF FACTS

The Court is completely familiar with the background on this patent infringement action. This case presents issues that are very time sensitive, plaintiff having demonstrated to the Court in the recent hearing on plaintiff's Motion for Injunctive Relief that defendants' ongoing active infringement of the patent by manufacturing and marketing a lantern that is functionally identical to the Patented Device is causing irreparable harm to plaintiff: "Plaintiff A.G. Design has provided a strong case of likelihood of success on the merits. Plaintiff has also demonstrated irreparable harm if injunctive relief is not granted, as well as having shown that the balance of hardships tips in its favor." (Order at p. 10, lines 20-22.)

In obvious recognition of the immediate and ongoing harm to plaintiff, this Court imposed several mandatory requirements on defendants. The first is that defendants, effective July 3, 2007, are "prohibited from further manufacturing, marketing, or sale of the Accused Device or any similar product." (Order at p. 13, lines 3-5.) Whether defendant has complied with this is unknown. The

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 2

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

second requirement is that "[d]efendants are commanded to immediately give written notice, in a form approved by the Court, to any customer, purchaser, or prospective purchaser that the Accused Device may have been unlawfully manufactured and sold in violation of the patent set forth in Exhibit A to Plaintiff's Complaint."  (Order at p. 13, lines 5-8.)  Towards that end, plaintiff filed on July 6, 2007 (at Docket 30) a proposed form of notice.  Defendants have filed no alternative form of notice and plaintiff awaits the Court's approval of its form.

Third, and as another reason for this motion, defendants have failed to comply with item number 3 in the Court's order – returning all confidential and trade secret information to plaintiff.  While defendants have filed a Motion for Reconsideration, they never sought relief from the Court's mandatory deadline and, instead, have simply ignored it.[1]  They have provided no explanation for

---

[1] Today the Court issued an order setting a briefing schedule on this motion.  With the benefit of full briefing, plaintiff expects the Court will find the motion to be without merit.  The first aspect of plaintiff's motion relies on a July 5, 2007 decision by the Federal Circuit in the long running *Festo* litigation.  (*Festo v. SMC,* 2007 WL 1932269 (C.A.Fed. (Mass.).)  This latest in a 22-year chronology of appellate reviews of the *Festo* case crisply states at page 14, "Here the sole question is whether the equivalent was 'unforeseeable' at the time of the [patent] application."  Immediately above those words, the Court says, "Our decision in *Festo X* established that the 'tangential' and 'some other reason' exceptions are inapplicable." (to the facts of the Festo case).

Those *exceptions,* to which the court refers in its wording, are two of the three bases for *rebutting an evidentiary presumption* that if the defective wording of a patent application "surrenders" claims an evidentiary presumption is created that the doctrine of prosecution estoppel defeats a patentee claim under the doctrine of equitable equivalence.

Unforeseeability has not been an exception upon which A.G. Design has relied.  Rather, through Dr. Jorgensen's analysis, report and testimony (all of which have been admitted in evidence at the hearing on plaintiff's Motion for Injunctive Relief) plaintiff relies on the **tangentialness rebuttal.**  Plaintiff rebutted this presumption by proving at the hearing that the changes made by the patent application amendments made in our case bears no more than a tangential relation to the equivalent product produced by Mukai.  This Court found that the testimony and report strongly supported plaintiff's claim that the elimination of the ports in the reflector made an insubstantial change inasmuch as the evidence also showed that the accused device used substantially the same methods in substantially the same way and functioned substantially the same as the patented device.  This new decision provides no support for defendants' position.

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 3

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

their actions, strongly suggesting that they have likewise ignored the other points of the Court's order.

### III.  ISSUE PRESENTED

Should this Court compel defendants to appear and show cause why they have failed to comply with the mandatory requirement of this Court's order to return all confidential information and trade secrets to plaintiffs?

### IV.  MATERIALS RELIED UPON

In addition to the pleadings already filed herein, plaintiff relies upon the following materials to support this motion:

1)  Declaration of Robert L. Christie.

### V.  LEGAL AUTHORITY

This Court's right to enforce its own orders is unquestioned.  Defendants have blatantly ignored the deadline imposed in the Order.  This particular deadline has no impact on defendants' relationship with third parties and they can provide no legitimate excuse for their noncompliance.

### VI.  CONCLUSION

Defendants have ignored this Court's deadline for returning confidential and trade secret information to the plaintiff without excuse or explanation.  They are in contempt of this Court's order and should be compelled to appear and answer accordingly.  To do otherwise would be to

---

The second basis for defendants' motion relates to a new issue that they never raised either in their briefing or at the hearing on plaintiff's motion, i.e., whether the Court should impose on plaintiff the burden of obtaining a bond. Given that defendants never sought this relief, the Court obviously made no such order as part of its ruling. As such, this new issue is not properly part of a Motion for Reconsideration in any event.

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 4

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  countenance this conduct.  In the meantime, plaintiff's irreparable harm continues unabated.

2  DATED this 24th day of July, 2007.

3  CHRISTIE LAW GROUP, PLLC

4  By    /s/ Robert L. Christie
ROBERT L. CHRISTIE, WSBA #10895
5  Attorney for Plaintiff
2100 Westlake Avenue N., Suite 206
6  Seattle, WA  98109
Telephone:  (206) 957-9669
7  Fax:  (206) 352-7875
Email:  bob@christielawgroup.com

8

9  LAW OFFICES OF HAL M. HOFHERR

10  By    /s/ Hal M. Hofherr
HAL M. HOFHERR, WSBA #34568
11  Attorney for Plaintiff
2509 Cedarwood Avenue, Suite 4
12  Bellingham, WA  98225
Telephone:  (360) 756-1506
13  FAX:  (360) 671-7979
Email:  hofherrlaw@comcast.net

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 5

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jefferson Coulter, WSBA #28947
Julie Wiediger, WSBA #38006
AXIOS LAW GROUP, PLLC
1725 Westlake Avenue N., Suite 150
Seattle, WA  98109
Phone:  (206) 217-2200
Attorney for Defendants


CHRISTIE LAW GROUP, PLLC


By     /s/ Robert L. Christie
ROBERT L. CHRISTIE, WSBA # 10895
THOMAS P. MILLER, WSBA #34473
Attorneys for Plaintiff
2100 Westlake Avenue N., Suite 206
Seattle, WA  98109
Telephone:  (206) 957-9669
Fax:  (206) 352-7875
Email:  bob@christielawgroup.com

PLAINTIFF'S MOTION FOR ORDER TO
SHOW CAUSE (CV07-5158 FDB) - 6

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669