UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a foreign corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 through 10,<br><br>Defendants. | Case No. C07-5158BHS<br><br>ORDER GRANTING STAY PENDING APPEAL and FINDING MOOT MOTIONS FOR RECONSIDERATION AND FOR CONTEMPT |

Defendants move for a stay pending appeal of this matter to the United States Court of Appeals for the Federal Circuit, or alternatively, for a stay pending final disposition of Defendants' Motion for Reconsideration. Notice of Appeal was filed July 24, 2007. Defendants argue that they satisfy the Federal Circuit's standard for granting a stay from enforcement of a preliminary injunction by demonstrating a "substantial legal question" or a "substantial case on the merits." *See, e.g., Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990).

ORDER - 1

Defendants argue that the standard is satisfied here where Plaintiff has claimed that Defendants infringed its Patented Device under the doctrine of equivalents, despite the fact that Plaintiff voluntarily narrowed its patent claims to overcome the PTO examiner's rejection of Plaintiff's claims as invalid in view of prior art.  Defendants also argue that on Plaintiff's weak showing of infringement, irreparable harm should not be presumed, and too much credence was given to the disputed non-competition agreement between Plaintiff and Defendant Marcus Mukai.

Plaintiff opposes a stay arguing that the patent is valid and that Defendants' challenge lacks substantial merit.  Plaintiff additionally argues that there was no presumption of harm, and that the matter of the amendment made during the patent prosecution process was indeed addressed.  Finally, Plaintiff asserts that Defendants made the same arguments on the irreparable harm issue at the hearing and have made showing of irreparable harm themselves, as they have only six prototype lanterns.

The Court, having considered the parties' arguments regarding a stay pending appeal of the Order Granting Plaintiff's Motion for Preliminary Injunction (entered July 3, 2007), concludes that a stay is appropriate, Defendants having demonstrated a substantial legal question.  Because the Motion for Stay is being granted, Plaintiff's Motion for Order Compelling Defendants to Show Cause Why They Should not Be Held in Contempt [Dkt. # 37] for failure to comply with the aforementioned order granting injunctive relief is found to be moot.

ACCORDINGLY, IT IS ORDERED:

1. "Defendant's Motion For An Emergency Stay Pending Appeal and/or Reconsideration" [Dkt. # 35] is GRANTED, and this cause of action is STAYED pending resolution of the appeal of this matter to the United States Court of Appeals for the Federal Circuit.  The alternative relief of reconsideration is found to be MOOT, and the Defendant's Motion for Reconsideration [Dkt. # 32] is STRICKEN from the Court's calendar.

ORDER - 2

2. "Plaintiff's Motion for Order Compelling Defendants To Show Cause Why They Should Not Be Held in Contempt" [Dkt. # 37] is found to be MOOT in view of the stay pending appeal, and is STRICKEN from the Court's calendar.

DATED this 7th day of August, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3