UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS MUKAI,

        Plaintiff,

v.

A.G. DESIGN ASSOCIATES, LLC, et al.

        Defendants.

No. C07-5158RBL

ORDER DENYING MUKAI'S MOTION TO COMPEL, GRANTING A.G. DESIGN'S MOTION FOR A PROTECTIVE ORDER AND GRANTING A.G. DESIGN'S MOTION FOR COMPLIANCE WITH A JULY 3, 2007 COURT ORDER

## I. INTRODUCTION

This matter is before the Court on Marcus Mukai's Motion to Compel and Sanction, A.G. Design Associate's Motion for a Protective Order, and A.G. Design's Motion to Compel Mukai to Comply with the July 3, 2007 Court Order. (Dkt #s 96, 101, 111). The Court recently lifted a stay on the proceedings and the parties have been in a discovery dispute that has been pending since November 2007. Marcus Mukai asks this Court to compel A.G. Design to answer four interrogatories and six requests for production. A.G. Design objects to these discovery requests, arguing that these requests violate a July 3, 2007 order issued by Judge Burgess. The Court ordered directed Marcus Mukai to return all confidential information and trade secrets that he acquired during his employment with A.G. Design. (Dkt. #26).

The Court has considered the pleadings filed in support of and in opposition to the motions and the

ORDER            1

entire file herein and hereby DENIES AS MOOT Mukai's Motion to Compel, GRANTS A.G. Design's Motion for a Protective Order, and GRANTS A.G. Design's Motion to Compel Mukai to Comply with the July 3, 2007 Court Order. The reasons are set forth below.

## II.   BACKGROUND

On March 30, 2007, A.G. Design filed suit against Trainman Lantern Inc. and Marcus Mukai for patent infringement, unfair competition, breach of contract, interference with business relations, violation of the Washington Consumer Protection Act, and conversion. A.G. Design alleged in its Complaint that Mukai stole confidential trade secrets from its company while working as a sales representative and used this information to start up his own company and create an identical trainman lantern product. *See* CV07-5158, *Complaint* (Dkt. #1). On October 11, 2007, Marcus Mukai filed suit against A.G. Design Associates, LLC. Mukai alleged claims against A.G. Design for false marketing in violation of 35 U.S.C. § 292. CV07-1662MJP, *Complaint* (Dkt. #1). According to Mukai, A.G. Design marketed and sold its products with the words "Patent Pending" on its packaging even though these products did not have a patent pending. These lawsuits were consolidated on February 19, 2008.

On November 30, 2007, Mukai served the A.G. Design with Interrogatories, Requests for Production, and Requests for Admission. On December 21, 2007, A.G. Design responded to Mukai's Requests for Admission. *Declaration of Julie Weidiger* (Dkt. #90). A.G. Design did not respond to the Interrogatories and Requests for Production because it had objections to interrogatories numbers 4, 5, 6 and 7 as well as Requests for Production numbers 2, 3, 4, 5,7, 8, 9, 10 and 12.[1] The discovery requests included the identities of prospective buyers, identities of persons with whom A.G. Design consulted in developing its lanterns, contractual terms with buyers, and copies of documents pertaining to all such information. *Declaration of Thomas P. Miller* (Dkt. #102).

According to Mukai, he asked A.G. Design when it would complete the discovery requests. A.G. Design indicated that it would answer the interrogatories in the "next few weeks." *Declaration of Julie Weidiger* (Dkt. #90). Mukai's counsel gave A.G. Design three more weeks to respond to the discovery requests. A.G. Design failed to respond after that time. *Id*.

On July 3, 2007, Judge Burgess granted a preliminary injunction in all matters pertaining to CV07-

---

[1] According to Mukai, A.G. Design only objected to interrogatories 3, 4, 5, and 9 and requests for production 2, 3, 4, 5, 6, 8 but now objects to additional requests stated above. *See Motion for Protective Order* (Dkt. #101). These new objections will not change the outcome of these motions.

ORDER                      2

1  5158, prohibiting Mukai from manufacturing, marketing, and selling marketing any of its M2K Trainman
2  Lantern products to prevent patent infringement. (Dkt. #26). In addition, Judge Burgess also ordered Mukai
3  to return all confidential and trade secret materials obtained during his employment with A.G. Design. All
4  activity of CV07-5158 was stayed pending the outcome of the appeal. (Dkt. #54). On March 24, 2008, the
5  United States Court of Appeals for the Federal Circuit vacated the preliminary injunction and remanded the
6  case for further proceedings.

7  On January 29, 2008, the parties conferred by telephone to discuss the discovery issues, pursuant to
8  Fed. R. Civ. P. 37 and CR 37(a)(2)(A). *Id*. A.G. Design agreed to provide the discovery by February 8, 2008.
9  Before A.G. Design filed its discovery responses, it moved to stay the proceedings, or in the alternative, to stay
10 discovery. (Dkt. #86). This Court denied the stay on March 26, 2008.

11 On March 27, 2008, Mukai filed a motion to compel A.G. Design to respond to interrogatories 4, 5,
12 6 and 7 and requests for production numbers 2, 3, 4, 5,7, 8, 9, 10 and 12. ( Dkt. #96). A.G. Design
13 subsequently filed a Motion for a Protective Order, which, if successful, would prevent Mukai from acquiring
14 any confidential business information or trade secrets. According to A.G. Design, this information was
15 protected by Judge Burgess's July 3, 2007 Court Order. On April 11, 2008, A.G. Design also moved to have
16 Mukai comply with the July 3, 2007 order and return any trade secrets documents to them.

17 **III.   DISCUSSION**

18 **A.   Motion to Compel Mukai to Comply with July 3, 2007 Court Order**

19 Judge Burgess directed Mr. Mukai to return all confidential and trade secret information to A.G.
20 Design in his Order Granting a Preliminary Injunction. (Dkt. #54). The fact that the Federal Circuit vacated
21 and remanded the Preliminary Injunction does not make Judge Burgess' directive meaningless. Put simply,
22 one does not necessarily implicate the other. The parties never litigated this discovery dispute to the Federal
23 Circuit nor did the appeals court rule on Judge Burgess's instruction for Mr. Mukai to return all confidential
24 and trade secret information to A.G. Design.

25 Even if Judge Burgess' Order was vacated in its entirety, this Court believes that Mukai must return
26 all confidential and trade secret documents to A.G. Design. Judge Burgess noted in his July 3 order that Mukai
27 had access and utilized confidential information during his employment as a sales representative for A.G.
28 Design and in the course of Mukai's negotiations to purchase A.G. Design's business. He signed a Non-
Exclusive Sales Representative Agreement, Provision for Propriety Rights Protection and Covenant Not to

1 Compete. **The Court hereby orders Mr. Mukai to turn over all documents, information, electronic
2 data, and other tangible things pertaining in any way to the manufacture, design, marketing, and sale
3 of the trainman lantern (accused device). In addition, Mr. Mukai is also prohibited from any further
4 use of and all confidential information and trade secrets given to him by A.G. Design and shall return
5 such information within 20-days.**

6 The Court hereby GRANTS the Motion to Compel Mukai to Comply with the July 3, 2007 Court
7 Order.

**B. Protective Order**

Fed. R. Civ. P. 26(c) authorizes a court to issue protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense" to the parties. The civil rules also provide that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).

Although the Court recognizes that this is a public court and its business should be conducted publicly, Mr. Mukai's discovery requests are seeking the same materials that Judge Burgess and this Court is ordering him to return to A.G. Design. In addition, the discovery requests are for trade secrets, which are not discoverable under Fed. R. Civ. P. 26(c)(7). A.G. Design's Motion for a Protective Order is therefore GRANTED.

**C. Motion to Compel**

Because this Court has granted A.G. Design's motions for compliance with Judge Burgess' Court Order and for a protective order, Mukai's Motion to Compel is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 25th day of April, 2008.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE