THE HONORABLE RONALD B. LEIGHTON

1UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC. , a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; AND JOHN DOE DEFENDANTS 1 THROUGH 10,<br><br>Defendant. | Case No. C07-5158RBL<br><br>ORDER DENYING SUMMARY JUDGMENT IN PART AND GRANTING SUMMARY JUDGMENT IN PART |

This matter is before the Court on a Motion for Partial Summary Judgment by Defendants Trainman Lantern Company, Marcus Mukai, and G. Scott Mukai. [Dkt. # 120] For the reasons set forth below, the motion is DENIED in part and GRANTED in part.

**I. Background**

**A. Parties and Procedural History**

Plaintiff A.G. Design & Associates, LLC (A.G. Design or plaintiff) is a Washington limited liability corporation that sells lanterns to Burlington Northern Santa Fe (BNSF) and other railroads for use by trainmen and engineers. [Dkt # 1] One of A.G. Design's main products is a trainman lantern for which it is

ORDER
Page - 1

holder of U.S. Patent No. 7,118,245 B1 (the '245 patent). [Dkt # 15-4] A.G. Design's president and C.E.O., Allen Herrington, is listed as the inventor of the '245 patent. [Dkt # 1]

Defendant Trainman Lantern Company, Inc. is a Washington corporation; brothers Marcus Mukai and G. Scott Mukai are individuals and residents of Washington and Hawaii respectively (collectively T.L.C. or Defendants). [Dkt # 1, 28]. Trainman Lantern Co. markets the M2K trainman lantern (the accused device). [Dkt # 14]

A.G. Design claims T.L.C. infringed the '245 patent by developing and manufacturing a trainman lantern "virtually identical to that being manufactured and sold by A.G. Design." [Dkt # 133]; 35 U.S. C. §§ 271 & 281. This court has subject matter jurisdiction subject to 28 U.S.C. § 1338. A preliminary injunction was issued by Judge Burgess ordering Defendants to cease marketing the accused device. [Dkt # 26] This injunction was vacated by the Court of Appeals for the Federal Circuit. [Dkt #100] T.L.C. now moves this Court to grant summary judgment in its favor on A.G. Design's patent infringement claim.

**B. Patent '245 History**

Pursuant to a 2000 contract with BNSF, A.G. Design developed various prototype lanterns for railroad use. [Dkt # 6] During this period of development for what would eventually become the '245 patented device, A.G. Design sold and advertised various lanterns. It is disputed exactly what features were contained in these various lanterns. T.L.C. claims that the devices sold had sufficient similarities to the '245 patented device and that that the patent is invalid because A.G. Design sold some of those devices more than one year before it applied for the '245 patent. [*See* Dkt # 120, 135] A.G. Design contends that none of the crucial design elements were present in any of the lanterns sold prior to that date and that the first patented device was not ordered until March 31, 2003, or delivered until June 4, 2003. [*See* Dkt # 132]

On May 11, 2004, work on the trainman lantern led to Herrington's filing for the '245 patent with the United States Patent and Trademark Office (PTO). In claim 1 of the original application, Herrington described his trainman's lantern as containing "at least one secondary light source mounted external to said reflector so that light from said secondary light source is reflected by said outer reflective surface so as to project in a generally lateral direction from said lantern." [Dkt #15-4] On September 26, 2005, the PTO Examiner issued an Office Action Summary rejecting the application. *Id.* After amendment, claims 7-12 and 18-22 were accepted. *Id.* On July 14, 2006, Herrington again modified his claim, adding limitations to

claim 1 including "a plurality of ports in said reflector that permit light from said primary source to pass through in a lateral direction so as to augment said light source from at least one secondary source." *Id.* Claims 1 and 8-22 were accepted and the '245 patent was issued August 7, 2006. *Id.*

### C. Relationship of the Parties

Herrington and Marcus Mukai met in 2000 when A.G. Design hired Pulse Power, Mukai's employer, to develop rechargeable batteries for its lanterns. [Dkt # 6, 13, 14] Mukai was interested in A.G. Design and became a sales representative, though he continued working for Pulse Power. He also expressed an interest in purchasing A.G. Design. [Dkt # 6, 13] Mukai entered into a Non-Exclusive Sales Representative Agreement with A.G. Design on April 1, 2003. [Dkt # 6, 13] Mukai also formed TLC as an entity through which to negotiate the purchase of A.G. Design and the two parties negotiated on the subject. [Dkt # 120] The relationship soured and the purchase deal fell through. A.G. Design sent Mukai his final check on July 30, 2004. [Dkt # 6]

TLC continued to exist and now claims that it began researching the possibility of manufacturing an all-LED sportsman's lantern for wholesale outlets. [Dkt # 120] T.L.C. claims it actively entered the railroad lantern business only after being encouraged to do so by the Union Pacific and Norfolk Southern Railroads in October 2006. *Id.* A.G. Design filed this suit on April 3, 2007. [Dkt # 1]

Defendants seek summary judgment, arguing the '245 patent (1) is invalid due to prior art; (2) is unenforceable due to the patentee's misconduct; and (3) is not infringed by the accused device because the device does not have "a plurality of ports." [Dkt # 120] Plaintiff argues there are disputed facts regarding invalidity and unenforceability. Plaintiff also argues that T.L.C.'s device does infringe the '245 patent because the patent's "plurality of ports" limitation has "only a tangential relationship to the [accused device]." [Dkt # 120, 133]

## II. Discussion

The district court views a motion for summary judgment on the issue of patent infringement with great care. *Palumbo v. Don-Joy Co.*, 762 F.2d 969, 974 (Fed. Cir. 1985), *overruled on other grounds Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976-79 (Fed. Cir. 1995). Summary judgment is only appropriate if there is no genuine issue of material fact, when the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 744 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56. If

the moving party presents evidence which is sufficient to support a verdict at trial, the burden shifts to the nonmoving party to show specific facts which demonstrate a genuine issue for trial. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). The nonmoving party's bare assertion of a dispute is insufficient to create a material issue of fact and defeat summary judgment. *Anderson*, 477 U.S. at 247-48.

### A. Patent '245 Validity and Enforceability

T.L.C. first argues that the '245 patent is both (1) invalid and (2) unenforceable and requests summary judgment in those respects. Because material issues of fact remain, T.L.C.'s motion on these issues is DENIED.

#### 1. Validity Regarding On Sale Art Prior to May 11, 2003

First, T.L.C. claims the '245 patent is not valid because the patented subject matter was on sale more than one year prior to when the patentee filed for the patent. A person is not entitled to receive a patent if the invention sought to be patented is "on sale in this country, more than one year prior to the date of the application for patent." 35 U.S.C. § 102(b). To invalidate a patent for lack of novelty, the defendant must prove that *every* limitation in the claim exists in a *single* prior art reference. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed. Cir. 2001). Once issued, a patent is presumptively valid and a party seeking to challenge that validity must prove their claim by clear and convincing evidence. *Genetech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 n.2 (Fed. Cir. 1997).

There is a material issue of fact as to whether the specific lantern patented was on sale prior to the crucial date. Therefore, summary judgment is not appropriate. It is undisputed that the Plaintiff applied for the '245 patent on May 11, 2004. Complaint, at 4. [Dkt # 1] The crucial date, therefore, is May 11, 2003; any lanterns sold before this date which contained every limitation in the patent '245 would constitute prior art on sale and would invalidate the patent. While A.G. Design clearly sold lanterns prior to this date, there is a material issue of fact exactly what lanterns were sold at that time. T.L.C. contends that the A.G. Design Titan III Trainman Lantern contains all the patented elements of the '245 lantern. Mukai Dec'l, at 2-32. [Dkt # 14-2] Plaintiff contends that none of the "prototype" lanterns which lead to the '245 patented lantern contain the "plurality of ports" referenced in claim 1 of the patent. Declaration of Herrington, at ¶¶ 5-7. [Dkt # 18] The Court must view the evidence in the light most favorable to the nonmoving party, A.G. Design. The evidence on this issue is disputed and the motion for summary judgment is DENIED.

#### 2. Enforceability Regarding Patent Misuse and Inequitable Conduct

Second, T.L.C. claims the '245 patent is unenforceable. A patent is unenforceable for misuse when its owner attempts to use it to exclude competition knowing that the patent is invalid or unenforceable. *See Affymetrix, Inc. v. PE Corp.*, 219 F. Supp.2d 390, 397 (S.D.N.Y. 2002) (quoting *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F.3d 1340, 1373 (Fed.Cir.1998)). For a patent to become unenforceable, the patent owner must both have an unenforceable patent and know the patent is unenforceable. *C.R. Bard*, 157 F.3d at 1373.

T.L.C. raises a variety of issues to support this claim: that A.G. Design, the patentee, has attempted to broaden the scope of the patent only to exclude competition; that A.G. Design stamped its lanterns "patent pending" before applying for the patent in 2004; and that A.G. Design knew its patent was invalid either for failure to disclose prior art when prosecuting the patent or for prosecution history estoppel. [Dkt #120]

There is a material issue of fact as to whether the patentee knew the patent was invalid. Therefore, summary judgment is not appropriate. As A.G. Design argues, T.L.C. has not shown A.G. Design lacked a good faith belief that the '245 patent was valid when Judge Burgess previously found that A.G. Design's claims had a substantial likelihood of success on the merits. [Dkt. # 26] While that ruling was ultimately reversed, such a finding stands in clear contrast to the complete lack of good faith claimed by T.L.C.

A genuine issue of material fact exists as to the knowledge element of T.L.C.'s unenforceability claim and the Court need not reach specific allegations of invalidity. The evidence on this issue is disputed and the motion for summary judgment is DENIED.

**B. Patent Infringement**

T.L.C. also claims that the accused device does not infringe on the '245 patent as a matter of law. For the reasons set forth below, the Court agrees that no material issue of fact exists and that the accused device does not infringe claim 1 of the '245 patent. T.L.C.'s motion on this issue is GRANTED.

**1. Literal Infringement**

The patent law exists to "promote the Progress of Science and useful Arts." U.S. Const. art. I, § 8, cl. 8. Literal infringement of a patent occurs "when every limitation recited in the claim is found in the accused device." *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996). Judge Burgess has already found, and Plaintiff A.G. Design concedes, that literal infringement has not been established. *See*

Order Granting Plaintiff's Motion for Injunctive Relief, at 10 [Dkt. # 26], *vacated on other grounds* [Dkt # 100]; [Dkt. # 132].

### 2. Doctrine of Equivalents

If patents were limited to their literal terms, their value would be severely diminished, limited to preventing simple copying. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 731 (2002) [*Festo VIII*]. Therefore, under the doctrine of equivalents "[t]he scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." *Id.* at 732. The doctrine of equivalents extends the patent to cover any trivial or insubstantial changes made to the patented design based on the doctrine's underlying justification that language is incapable of always precisely and accurately describing innovation. *Id.* at 733-35.

In this case, A.G. Design, the patentee, claims that T.L.C. violated the '245 patent because the accused device is "virtually identical to that being manufactured and sold by A.G. Design." Amended Complaint, at 7. [Dkt # 133] T.L.C. argues that the accused device lacks the "plurality of ports" limitation described in the amendment to the application and in the patent as issued and therefore is not an equivalent.[1] [Dkt # 120, at 9] "Only if an accused product contains specific structure which meets all the limitations of an accused claim directed to structure, at least equivalently, can that product infringe under the doctrine of equivalents." *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995). The patentee admits that the accused device does not have a "plurality of ports," Amended Complaint, exhibit D, at 5, [Dkt # 133] but argues that this does not preclude a finding of an equivalent, i.e. of infringement.[2] Response to Defendant's Motion for Partial Summary Judgment. [Dkt # 132] The Federal Circuit precisely summed up the issue: "the relevant equivalent in question is the accused device's reflector without the plurality of ports." *A.G. Design & Associates LLC v. Trainman Lantern Co., Inc.*,

---

[1] The arguments are only made with respect to claim 1, however the analysis and the Court's holding extend to all other claims dependent on claim 1 or containing the same limitation. *Glaxo Wellcome, Inc. v. Impax Labs, Inc.*, 356 F.3d 1348, 1356 (Fed. Cir. 2004), *cited in A.G. Design & Associates LLC v. Trainman Lantern Co., Inc.*, No. 2007-1481, at 5 n.3 (Fed. Cir. March 24, 2007).

[2] This was patentee's argument before the Federal Circuit. *A.G. Design & Associates LLC v. Trainman Lantern Co., Inc.*, No. 2007-1481, at 6 (Fed. Cir. March 24, 2007). A.G. Design now argues that it is able to "rebut that presumption of total surrender in one of three ways, one of which is relevant to this motion, i.e. the doctrine of tangentialism, showing the rationale underlying the narrowing amendment bore no more than a tangential relation to the equivalent in question." Plaintiff's Answer to Defendant's Motion for Partial Summary Judgment, at 11. [Dkt # 132]

No. 2007-1481, at 6 (Fed. Cir. March 24, 2007). The Court must consider the prosecution history to determine whether A.G. Design surrendered this equivalent when it amended its patent application.

### 3. Prosecution History Estoppel

To ensure that the doctrine of equivalents is kept within its purpose, the Court will estop a patentee from claiming an equivalent to the unpatented, broader meaning of his original application when he abandoned that broad definition of his innovation during the prosecution. *Festo VIII*, 535 U.S. at 734; *Southwall*, 54 F.3d at 1579. By amending the application, the patentee explicitly shows he is capable of using both the general language of the original application (where the accused device is an equivalent) and the more precise language of the amendment (where the accused device is not an equivalent). *Festo VIII*, 535 U.S. at 734. "Where the original application once embraced the purported equivalent but the patentee narrowed his claim to obtain the patent or to protect its validity, *the patentee cannot assert that he lacked the words to describe the subject matter in question*." *Id.* (emphasis added). By showing this ability, and consciously choosing to use the latter, narrow language in the patent, the patentee implicitly acknowledges that the area between that amendment and the original application is not equivalent and surrenders its claim to that area. *Id.*

The court uses a three step inquiry to determine whether prosecution history estoppel bars the patentee from claiming an equivalent. First, the court asks whether an amendment was filed which narrowed the scope of a patent claim. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 344 F.3d 1359, 1366 (Fed. Cir. 2003) [*Festo IX*].

Second, if the answer is affirmative, the court asks whether the narrowing amendment was substantial and related to patentability. *Id.* Where the prosecution history is silent on the reason for the amendment, "the court should presume that the patent application had a substantial reason related to patentability for including the limiting element added by amendment." *Festo VIII*, 535 U.S. at 740 (quoting *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 33 (1997)); *A.G. Design & Associates LLC v. Trainman Lantern Co., Inc.*, No. 2007-1481, at 5 (Fed. Cir. March 24, 2007); *see Biagro W. Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1305 (Fed. Cir. 2005). In other words, a defendant can meet his burden either by proving the amendment was substantial and related to patentability or by showing the patent history is silent on the issue and applying the *Festo* presumption. *See*, *e.g.*, *Festo VIII*, 535 U.S. 722; *Schwing GmbH*, 305 F.3d 1318 (affirming summary judgment where there was no amendment but the

patent language identifies an equivalent to the accused device and the patentee did not refute the "rebuttable presumption" of surrender of the subject matter).

Finally, if a defendant meets his burden on the first two steps, the burden shifts to the patentee to show that the amendment was offered for some reason other than to narrow the scope of the patent. *See*, *e.g.*, *Biagro W. Sales*, 423 F.3d 1296; *Festo VIII*, 535 U.S. 722. If the patentee does not meet this burden, the court will hold the patentee has surrendered all equivalents between the original claim and the amendment. *See*, *e.g.*, *Biagro W. Sales*, 423 F.3d 1296; *Festo VIII*, 535 U.S. 722.

### a. Amendment to Patent '245

The court first asks whether an amendment was filed during prosecution which narrowed the scope of a patent. *Festo IX*, 344 F.3d at 1366. Here, it is undisputed that patent '245 was amended on July 14, 2006, and that that amendment narrowed its scope. [Dkt # 15-4, at 1-7]; *cf. A.G. Design*, No. 2007-1481, at 5. Narrowing the application does not lead to a complete bar on the patentee's ability to claim an equivalent; instead, the court examines the subject matter surrendered by the amendment. *Id.* at 737-38; *Schwing GmbH v. Putzmeister Aktiengesellschaft*, 305 F.3d 1318, 1329 (Fed. Cir. 2002). It is not disputed that the accused device is within this surrendered subject matter.[3] The original patent did not contain the "plurality of ports" language which was added to the amended application; this added language narrowed the application from a light source with a reflector and secondary source to one with the "plurality of ports" in the reflector. Response of Herrington [Dkt # 15-4] *Cf. A.G. Design*, No. 2007-1481, at 5. T.L.C. has satisfied the first step in the estoppel analysis.

### b. Substantial Amendment Related to Patentability

Once the existence of a narrowing amendment has been shown, the Court asks whether it was substantial and related to patentability. *Festo IX*, 344 F.3d at 1366. This inquiry inherently involves looking to the prosecution history record, *see id.*, and to any other evidence of purpose in the record, *see generally* Fed. R. Civ. P. 56(c).

---

[3] A.G. Design's brief is silent on the issue; however, its arguments in opposition assume that the *Festo* presumption applies. [Dkt # 132, at 11-12] Further, the Federal Circuit opinion vacating the preliminary injunction implied the accused device was within the surrendered area. *A.G. Design*, No. 2007-1481, at 5.

T.L.C. has met its burden by presenting the undisputed prosecution history of the '245 patent. [Dkt # 15-4] The record is silent on Herrington's reasoning for making the narrowing amendment. *Id.* Under *Festo*, the Court will apply prosecution history estoppel when

> an amendment is made to secure the patent and the amendment narrows the patent's scope. . . . A patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broadest subject matter, whether the amendment was made to avoid the prior art or to comply with [35 U.S.C.] § 112. We must regard the patentee as having conceded an inability to claim the broader subject matter . . .

*Festo VIII*, 535 U.S. at 736-37. When the prosecution history record does not reveal any reason for an amendment, the Court will presume the amendment as a "substantial amendment related to patentability." *Festo IX*, 344 F.3d at 1366. Further, Herrington states in the preamble to his amendment that, "[t]his is an Amendment in response to the Official Action dated 14 April 2006"; that Action was a denial of his initial, broader request, suggesting that he was amending with the purpose of complying with the prior art and § 112 requirements to earn his patent.[4] Response of Herrington. [Dkt. 15-4, at 1-7] It is undisputed that the *Festo* presumption applies.[5] T.L.C. has satisfied the second step in the estoppel analysis and met its burden.

### c. Patentee's Burden to Rebut the Presumption

Then the burden shifts to A.G. Design, the patentee, to demonstrate the existence of a material issue of fact as to why the amendment was offered. *Festo VIII*, 535 U.S. at 740; *Festo IX*, 344 F.3d at 1366. This shifting burden exists to keep the limits of the patent within its proper bounds. It is the patentee who is trying to expand the scope of the patent beyond its written limits. *Southwall*, 54 F.3d at 1579. If the patentee does not meet this burden, the court will hold the patentee has surrendered all equivalents between the original claim and the amendment. *Festo VIII*, 535 U.S. at 740; *Festo IX*, 344 F.3d at 1366.

---

[4] Compare *Schwing GmbH*, 305 F.3d at 1329, where the patentee criticized the use of embedded metal rings in the prior art in favor of annular extension. The Court wrote that "[patentee] cannot now overlook that deliberate decision and reclaim that subject matter through the doctrine of equivalents" and affirmed the district court's grant of summary judgment. Compare also *Dixie USA, Inc. v. Infab Corp.*, 927 F.2d 584, 588 (Fed. Cir. 1991), where the patentee added limitations of rectangular and round openings and of translucence in response to a rejection for prior art. The Court found prosecution history estoppels precluded a finding of infringement and affirmed the district court's grant of summary judgment for the defendant. *Id. See also Biagro W. Sales*, 423 F.3d 1296.

[5] A.G. Design's brief is silent on the issue. However, its arguments assume that the *Festo* presumption applies. [Dkt # 132, at 11-12] Also, A.G. Design did not dispute that the presumption applied when the same issue was before the Federal Circuit regarding the preliminary injunction. *A.G. Design*, No. 2007-1481, at 5.

The patentee's bare assertion of a dispute is insufficient to create a material issue of fact and defeat summary judgment.[6] *See Anderson*, 477 U.S. 247-48.

In this case, the narrowing amendment added to the description of the reflector the "plurality of ports" limitation. [Dkt # 15-4] Unless A.G. Design can demonstrate that the limitation was added for some other purpose than to obtain the patent, it will be estopped from claiming an equivalent which does not have a "plurality of ports in [the] reflector." [Dkt # 15-4] *See Festo VIII*, 535 U.S. at 740; *Festo IX*, 344 F.3d at 1366. As the *Festo* presumption operates here, the amended claim does not go so far as to assert that there could be no equivalent to the "plurality of ports," *see Festo VIII*, 535 U.S. 738, however, A.G. Design does not argue that the accused device has either a plurality of ports or an equivalent to a plurality of ports.

Instead of arguing the accused device is not within the area surrendered by the "plurality of ports" limitation, A.G. Design argues that the area was not surrendered because "the rationale underlying the narrowing amendment bore no more than a tangential relation to the equivalent" and asserts that the issue requires further discovery before any factual finding can be made. Plaintiff's Response to Defendant's Motion for Partial Summary Judgment [Dkt. 132, at 11-12]. A.G. Design, the patentee, does not, however, present any facts to support this conclusory assertion, resting solely upon the absence of facts.

A.G. Design misunderstands the law on this issue. *Cf. A.G. Design*, No. 2007-1481, at 6 ("[A.G. Design] seems to conflate the *Festo* prosecution history estoppel tangential rebuttal analysis with the doctrine of equivalents function-way-result test."). First, the *Warrner-Jenkinson* presumption is sufficient to support a summary judgment claim without further evidence. *See Warner-Jenkinson*, 520 U.S. at 39 n.8. For example, *Schwing GmbH* affirmed summary judgment for the defendant where the patent claim at issue was not amended, but specifically identified and criticized a design element of the purported equivalent.

---

[6] The Supreme Court has held that "[w]here the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obligated to grant partial or complete summary judgment. If there has been a reluctance to do so by some courts do to unfamiliarity with the subject matter, we are confident that the Federal Circuit can remedy the problem." *Warner-Jenkinson*, 520 U.S. at 39 n.8 (1997). The Federal Circuit has done just that. *E.g.*, *O2 Micro Int'l Ltd. v. Beyond Innovation Techs. Co., Ltd.*, 521 F.3d 1351, 1363-66 (Fed. Cir. 2008) In *O2 Micro* International, the Federal Circuit overruled the district court's denial of summary judgment. *Id.* "[I]n ruling that the doctrine of equivalents was available with respect to the 'only if' limitation, the district court simply stated that it was 'persuaded by O2's argument that the amendment bears only a tangential relationship to the equivalent at issue." *Id.* at 1364. This unsupported statement was not enough to create a material issue of fact, meet the patentee's burden, and defeat summary judgment. *Id.* at1363-66.

305 F.3d at 1326-30. The Court wrote that "[the patentee] cannot now overlook that deliberate decision and reclaim that subject matter through the doctrine of equivalents." *Id.* at 1329.

Here, the undisputed evidence is even more clear. While the actual language of the patent history is silent on the purpose for A.G. Design, the patentee's, decision to include the added language of "a plurality of ports," the patentee chose to add that language after the PTO examiner rejected the application without it. [Dkt # 15-4] In such situations, a presumption arises that the amendment was made to earn the patent because the device was not patentable without it. *See Festo VIII*, 535 U.S. at 740; *O2 Micro Int'l Ltd.*, 521 F.3d at 1363-64; *Festo IX*, 344 F.3d at 1366.

Second, as stated above, the burden rests on the patentee, who seeks to expand the scope of the patent, to present evidence showing why the patentee made the amendment during the prosecution. *Festo VIII*, 535 U.S. at 740; *Festo IX*, 344 F.3d at 1366; *see generally* Fed. R. Civ. P. 56(e)(2). In other words, the patentee is not free to rest on an absence of evidence to defeat summary judgment. Instead, the patentee must present evidence creating a material question of fact. A.G. Design has not done so here.

In *Festo VIII*, the Supreme Court made clear that, to overcome the presumption, "the patentee must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent." 535 U.S. at 741. The Court also suggested possible reasons for a narrowing amendment during prosecution which would defeat the *Festo* presumption: that the equivalent may have been unforeseeable; that there may be a mere tangential relationship between the reason for the amendment and the equivalent; or that there may be some other reason making the broader description unreasonable. *Id.* at 740-41.

Here, A.G. Design, the patentee, asserts tangentialism, but does not "set out specific facts showing a genuine issue." Fed. R. Civ. P. 56(e)(2). Instead, A.G. Design relies on the fact that the Federal Circuit, in its recent decision in the case vacating the preliminary injunction against Defendants, did not grant summary judgment on the issue at that time. However, that issue was not before the court. The Federal Circuit's decision was limited to review of the preliminary injunction. It found that "[the patentee] has not put forth a rationale for the amendment that is tangential to the equivalent in question. Prosecution history estoppel, therefore, likely precludes a finding of infringement." *A.G. Design & Associates, LLC. v. Trainman Lantern Co., Inc.*, 2007-1481, at 6.

A.G. Design, the patentee, has still not presented any evidence, or even forwarded any rationale, for the amendment which would support a tangential relationship claim. It has failed, therefore, to meet its burden. T.L.C. has shown there is no genuine issue of fact and the accused device is not an equivalent with respect to claim 1 of the '245 patent. The *Festo* presumption therefore applies, shifting the burden to the patentee to show why the amendment was made. A.G. Design has failed to present evidence showing there is a genuine issue of fact as to why they amended their application. A.G. Design is estopped from asserting the accused device is an equivalent to claim 1 of the '245 patent and all other claims containing the "plurality of ports" limitation. T.L.C.'s motion for summary judgment on the infringement issue is GRANTED.

### III. Conclusion

T.L.C. has failed to show the absence of a material issue of fact with regard to its claims that the '245 patent is invalid and is unenforceable. Its motion for summary judgment on those issues is DENIED. [Dkt # 120] T.L.C. has met its burden of showing an absence of material issues of fact with regard to the infringement claim and A.G. Design has failed to present any evidence to defeat the *Festo* presumption. T.L.C.'s motion for summary judgment on the infringement issue is therefore GRANTED. [Dkt # 120] Other issues remain to be resolved before this court.

IT IS SO ORDERED.

Dated this 20th day of June 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE