THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>      Plaintiff,<br><br>  v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC. , a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; AND JOHN DOE DEFENDANTS 1 THROUGH 10,<br><br>      Defendant. | Case No. C07-5158RBL<br><br>ORDER |

  This issue comes before the Court on Defendants' Motion for Attorneys Fees [Dkt # 149]. The Court has considered the Motions and attachments as well as the entirety of the record. For the reasons stated below, this motion is DENIED.

  Generally, the "American rule" requires each party to pay its own costs in a lawsuit to avoid penalizing a party for merely asserting or defending his interests or rights. *Mach. Corp. of Am. v. Gullfiber AB.*, 774 F.2d 467, 471 (Fed. Cir. 1985) (citing *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)). Under patent law, the Court may use its discretion to award attorney's fees to a prevailing party in exceptional circumstances. 35 U.S.C. § 285. The party seeking to show exceptional circumstances must do so by clear and convincing evidence. *Mach. Corp.*, 774 F.2d at 471. After a finding of exceptionality, the court may exercise its discretion

ORDER- 1

"only upon a finding of bad faith or inequitable conduct on the part of the losing party which would make it grossly unjust for the prevailing party to be left with the burden of his litigation expenses." *Maurice A. Garbell, Inc. v. Boeing Co.*, 546 F.2d 297, 300 (9th Cir. 1976).

TLC proposes that A.G. Design acted in bad faith for protecting its rights under the '245 Patent. TLC claims that A.G. Design's expert opinion from Dr. Jorgensen was deficient as a basis for believing there was a patent violation despite the undisputed similarity of the two devices. TLC reasons that Dr. Jorgensen is not a patent law expert. However, even a patent suit based on a patent that has previously been adjudicated invalid may, under proper circumstances, not be a statutorily exceptional case. *See Stevenson v. Sears, Roebuck, & Co.*, 713 F.2d 705 (Fed. Cir. 1983) (reversing the District Court for failure to make specific findings of exceptionality when another court found the same patent invalid). In contrast, this case involves a patent which maintains its status as presumptively valid [Dkt # 143].

The mere fact that A.G. Design did not prevail on its patent claim is insufficient to show an *exceptional* case worthy of awarding fees. *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 691 (Fed. Cir. 1984) ("payment of attorneys' fees for the victor is not to be regarded as a penalty for failure to win a patent infringement suit"). In this case, A.G. Design consulted a patent attorney from a distinguished firm and retained an expert, Dr. Jorgensen, who took a kitchen sink approach to his analysis of the two devices—he considered every aspect of them. This thoroughness and diligence is in stark contrast to TLC's cited case, *Machinery Corp.*, where the party consulted only alien counsel with "no showing of the competence of that counsel in regard to United States patent law" before acting on its claim. *Mach. Corp.*, 774 F.2d at 470.

Conduct constituting an exceptional case falls in the area between simple negligence and fraud. *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1358 (9th Cir. 1980). *Mayview* dealt with a patent which was found invalid, *id.*, and another case cited by TLC dealt with claims voluntarily dismissed, *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000). Important in the Court's analysis is the fact that the '245 Patent was not found invalid [Dkt # 143]. The Court's previous Order was limited to the finding that, under prosecution history estoppel, the M2K lantern did not infringe the '245 Patent. *Id.* Given the opinion of Dr.

ORDER- 2

Jorgensen, the presumptive validity of the '245 Patent, and A.G. Design's own expertise in the technology demonstrated by its R&D of the patented device, A.G. Design had no reason to know or expect, before the start of litigation, that it would not prevail in its claim.

TLC also argues that A.G. Design's pursuit of its patent claims in other courts and jurisdictions contribute to the exceptionality of this case. While the Court does not consider the overturned injunction in reaching its decision on either exceptionality or exercise of its discretion, A.G. Design was entitled to rely upon the Preliminary Injunction while it was valid. *Cf. DeWeerth v. Baldinger*, 38 F.3d 1266 (2nd Cir. 1994) (finality is itself valuable). That the injunction was later vacated does not change the fact that it was a valid court order for a limited period of time.

Accepting TLC's arguments as true and assuming this was an exceptional case, the discretion still lies with the district court to determine whether fees should be awarded under the circumstances. *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). Factors including "the closeness of the case, tactics of counsel, [and] the conduct of the parties" are among those considered. *Id.* The simple fact is that this is a close case involving a complex area of the law. To ask A.G. Design to undergo this complex decision-making process prior to instituting suit *and* to reach the same result ultimately reached by this Court is not consistent with the intent of § 285. *See Mach. Corp.*, 774 F.2d at 472 ("It is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits, but the discretion given the court in this respect. . . will discourage infringement of a patent by anyone thinking that all he would be required to pay if he loses the suit would be a royalty.") (quoting the legislative history). To award fees in this circumstance would have the effect of discouraging protection of valid claims by threatening a patent-holder with the specter of having to pay his opponent's attorney's fees if he did not prevail. *Cf. Rohm & Haas Co.*, 736 F.2d at 691. The purpose of § 285 is to discourage claims with less merit than the instant claim.

The Court therefore FINDS that this is not an exceptional case under § 285 because A.G. Design has acted in good faith to protect its valid patent. Even if this is such a case, the Court

ORDER- 3

declines to exercise its discretion to award fees. Defendant's motion is DENIED. Because of the disposition of this Motion, the Court does not consider what fees are properly claimed.

IT IS SO ORDERED.

Dates this 21st day of July 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER- 4