HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>                      Plaintiff,<br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a foreign corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10.<br><br>                      Defendants. | NO.  CV07-5158RBL<br><br>STIPULATED PROTECTIVE ORDER |

Pursuant to Fed. R. Civ. P. 26(c) and this Court's April 25, 2008 Order (dkt. #121) and June 13, 2008 Order (dkt. #141), the parties, by and through their respective counsel of record, hereby stipulate that the following provisions shall apply to all discovery in this litigation. The purpose of this stipulated protective order is to clarify and delineate what materials are protected

from public disclosure in this litigation.

1. The subject matter of this lawsuit necessarily requires the parties to produce in discovery confidential and proprietary business materials, including, but not limited to, customer lists, books of account, financial records, tax records, product development materials, market research, marketing materials, customer correspondence, product designs, plans and specifications, engineering materials and drawings, and prototype devices. Public disclosure of these materials would harm the business interests of the disclosing parties.

2. This Stipulation, when and as approved by the court, is intended to govern all productions of confidential information and documents pertaining to this litigation.

3. The following definitions shall apply to this Stipulation and Order:

3.1 "Party" or "parties" shall mean and refer to any party in the above-captioned matter signatory to this Stipulation including counsel of record for any party signatory to this Stipulation;

3.2 "Confidential Information" shall mean and refer to any confidential and proprietary business materials, including, but not limited to, customer lists, books of account, financial records, tax records, product development materials, market research, marketing materials, customer correspondence, product designs, plans and specifications, engineering materials and drawings, and prototype devices. Upon good cause shown and/or a compelling reason, the Court may determine that certain information the parties designate as "Confidential" shall be redacted or filed under seal, as set forth below.

3.3 "Qualified persons" shall mean and refer to:

(a) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of

this action;

        (b) Counsel of record for any party signatory to this Stipulation, including all partners and associate attorneys of that counsel's law firm;

        (c) Employees, paralegal assistants, stenographic and clerical employees of counsel for the parties signatory to this Stipulation only when operating under the direct supervision of counsel;

        (d) The parties to this litigation, or their duly authorized agents, with the exception of Marcus Mukai and G. Scott Mukai, who may only review Confidential documents in the presence of their counsel, and may not, under any circumstances, retain or possess any Confidential documents of A.G. Design & Associates, LLC, Allen Herrington, Shelly Wallenberg or Victor Sansalone;

        (e) Potential witnesses who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

        (f) Experts or consultants employed by counsel of record for the purpose of assisting in these proceedings, preparation for trial and/or trial of this action.

4. Any party to this action may proffer into evidence any Confidential Information at time of trial or by motion or otherwise and such Confidential Information may be introduced or shown to jurors and witnesses at the time of trial or on motion of any party, subject to normal evidentiary objections. In the event that any material designated as Confidential is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential material shall maintain its confidentiality during such use, subject to the Court's guidance.

5. All documents, information and things deemed to contain Confidential

STIPULATED PROTECTIVE ORDER (CV07-5158RBL) -3

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Information under Paragraph 3.2 above shall be brought within the protection of this Stipulation and Order by placing in a conspicuous place on any such documents, or on the first page or cover sheet of a set of documents, the word "Confidential." Any such Confidential Information and documents shall be kept confidential and shall not be disclosed, scanned, used, retained or copied except as set forth hereafter and in connection with preparation for the proceedings in the above-captioned matter and shall not be used for any other purpose. The term "documents" shall be defined to include all written, photographic, or electronic media, including computer print-outs and computer storage devices such as floppy disks, extracts, summaries, attachments, and answers to requests for production, whether produced by the Parties or by persons or entities not party to this litigation.

6. Any deposition testimony deemed to contain Confidential Information shall be brought within the protection of this Stipulation and Order by orally designating on the deposition record the protected portion or portions or, within ten (10) business days of receipt of the transcript, by designating such portions by page and line number.

7. The designating party shall have the burden of proof regarding the confidential nature of designated documents and/or information.

8. The parties shall resolve any disputes concerning the designation of any documents as "Confidential" as follows: the non-designating party shall challenge any designation of confidentiality by notifying the designating party in writing, specifically identifying the challenged item(s) as well as the basis for the challenge. If the parties cannot resolve the challenge after engaging in good-faith discussions, the designating party shall seek an order of the Court with respect to the challenged information, documents, or things designated as "Confidential." All parties will treat all materials or information designated as "Confidential" in accordance with the requirements of this Order for a reasonable period after notice of a challenge

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

to confidentiality and during the pendency of related motions. The parties further agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

9. **Except as provided for herein, confidential documents and confidential information contained therein, shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity.**

10. Disclosure of confidential information and confidential documents may be made only to "qualified persons," as defined above, with the following additional limitations:

    10.1 Expert witnesses and consultants retained by Plaintiff or Defendants must affirmatively agree to the terms and conditions of this Protective Order prior to review of any such documents, and execute a Statement of Confidentiality, identical to Exhibit A. Counsel shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believe to have occurred.

    10.2 Potential witnesses may review confidential documents only as needed for litigation of this case and under the supervision of counsel after executing a Statement of Confidentiality, identical to Exhibit A. Counsel shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believed to have occurred.

11. When documents, briefs or memoranda containing Confidential Information are filed with the Court, the same shall be done in accordance with Local Rule CR 5(g)(1) and the U.S. District Court's CM/ECF procedures for the filing of sealed documents. For confidential documents filed by hard copy, and which the Court has determined should be sealed for "good cause" shown (non-dispositive motions) or a "compelling reason" (dispositive

motions), such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

    11.1    The words "SEALED CONFIDENTIAL";

    11.2    The title of the action to which the contents pertain;

    11.3    An indication of the nature of the contents; and

    11.4    A statement substantially in the following form:

"This envelope [or container] is filed pursuant to court order and protective order by [name of party] and contains confidential information. It is not to be opened or the contents thereof to be displayed or revealed except to the Court and to counsel of record signatory to the Stipulated Protective Order. The contents shall not be displayed or revealed to third parties except by Court order or by written agreement of all the parties."

The envelope or container shall not be opened, except as set forth above. The envelope shall then be returned to the Clerk of the Court, appropriately sealed, and endorsed as provided above.

12.    In all court filings and use of exhibits, all parties shall comply with "the Privacy Concerns" set forth in the U.S. District Court's CM/ECF Civil and Criminal Procedures and redact documents as necessary. In summary:

- Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four digits of the account number.

- Social Security numbers: Use only the last four digits.

- Dates of birth: Use only the year.

13. <u>Miscellaneous</u>.

13.1 The information protected by this Protective Order is the substance of the Confidential Information, no matter what form the information is in and no matter how the information might be communicated. The parties do not intend to in any way waive the assertion of confidentiality and hereby expressly reserve their rights to assert and preserve the confidentiality of any information disclosed in this Proceeding that is not designated as Confidential Information pursuant to this Protective Order.

13.2 Recipients of Confidential Information pursuant to this Protective Order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that the confidential nature of the same is maintained.

13.3 In the event any person in receipt of Confidential Information shall receive a subpoena, or court order, seeking disclosure of another party's Confidential Information, such person shall immediately upon receipt of such subpoena or court order notify counsel for the designating party that produced the Confidential Information of same and shall provide a copy of same if applicable. Except in the case of an order requiring immediate production of the requested information, no party shall disclose another party's Confidential Information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information. Nothing herein shall be construed to require any recipient of information subject to this Order to refuse to comply with a lawfully issued subpoena, with any order of any Court, or with the command of any law enforcement agency.

13.4 If Confidential Information is disclosed to any person other than in the

STIPULATED PROTECTIVE ORDER (CV07-5158RBL) -7

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who received such Confidential Information.

13.5 This Protective Order is made to facilitate discovery and the production of discoverable evidence in this action. Neither the entry of this Protective Order, the designation of any information as Confidential Information under the Order, the failure to make such designation, or the failure to object to such designation by any party shall constitute evidence with respect to any issue in this litigation. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal right or obligation any party may have with respect to information disclosed in this matter.

13.6 Any party or person who knowingly violates this Protective Order may be held in contempt of this Court. The Court and parties preserve the right to order or seek an award of such other relief as is appropriate for such disclosure.

14. No later than sixty (60) days following the conclusion of these proceedings, Plaintiff and Defendants agree to destroy or return all Confidential Information, documents, and things and all copies of same to the counsel producing such information and documents, at the election of, and expense of, the possessing party. To the extent that the information is embodied in and is inseparable from attorney work product, the recipient party may destroy the document or maintain confidentiality of such material in perpetuity. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, or by

settlement and dismissal with prejudice of all claims, as provided by applicable law.  In the event that settlement is reached with fewer than all parties, the settling defendant(s) will destroy or return all Confidential Information, documents and things of all other parties within sixty (60) days of that settlement agreement.  All other parties shall destroy or return all Confidential Information, documents and things within sixty (60) days of the conclusion of the entire proceedings.

15. The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceedings in open court.

16. The provisions of this Protective Order may be modified by the Court on its own motion after notice to the parties and an opportunity to be heard.

17. At this time, the Court specifically finds good cause and compelling reason to require the following information and documents protected from public disclosure, as follows:

(a) A.G. Design & Associates, LLC's customer lists, books of account, financial records, tax records, product development materials, market research, marketing materials, customer correspondence, product designs, plans and specifications, engineering materials and drawings, prototype devices, and/or any other proprietary or trade secret information that should reasonably be exempt from public disclosure, as well as any materials identified in the Court's April 25, 2008 Order on Motion to Compel.

(b) Marcus Mukai, G. Scott Mukai and Trainman Lantern Company, Inc.'s customer lists, books of account, financial records, tax records, product development materials, market research, marketing materials, customer correspondence, product designs,

plans and specifications, engineering materials and drawings, prototype devices, and/or any other proprietary or trade secret information that should reasonably be exempt from public disclosure, as well as any materials previously identified in this Court's June 13, 2008 Order Granting Motion to File Under Seal.

(c)     Shelby County Community Services, Inc.'s customer lists, books of account, financial records, tax records, product development materials, market research, marketing materials, customer correspondence, product designs, plans and specifications, engineering materials and drawings, prototype devices, and/or any other proprietary or trade secret information that should reasonably be exempt from public disclosure.

JOINTLY SUBMITTED this 4th day of August, 2008.

CHRISTIE LAW GROUP, PLLC

By     /s/ Robert L. Christie
   ROBERT L. CHRISTIE, WSBA #10895
   THOMAS P. MILLER, WSBA #34473
  Attorneys for A.G. Design & Associates,
   LLC, Allen Herrington, Shelly
   Wallenberg and Victor Sansalone

BUCKNELL STEHLIK SATO & STUBNER, LLP

By    /s/ Jerry N. Stehlik (via email authority)
   JERRY N. STEHLIK, WSBA #13050
  Attorney for Shelby County Community
   Services, Inc.

JEFFERSON COULTER, PLLC

By   /s/ Jefferson Coulter (via email authority)
   JEFFERSON COULTER, WSBA #28947
  Attorney for Defendants Trainman
   Lantern, et al.

STIPULATED PROTECTIVE ORDER (CV07-5158RBL) -10

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

# ORDER

BASED UPON THE FOREGOING STIPULATION, IT IS SO ORDERED this 11th day of August, 2008.

_/s/ Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER (CV07-5158RBL) -11

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

# **EXHIBIT A**

I acknowledge that I have read the protective order on file in the matter of *A.G. Design & Associates, LLC v. Trainman Lantern Co., et al.,* U.S. District Court Cause No. CV07-5158 RBL, and I understand and agree to be bound by its terms. I further understand that I may be subject to sanctions imposed by the Court, or charges for contempt of court, in the event that I violate that protective order.

I hereby consent to the jurisdiction of the United States District Court for the Western District of Washington at Seattle for the limited purpose of any proceeding to enforce the terms of this Protective Order.

DATED: _____

BY: _____

STIPULATED PROTECTIVE ORDER (CV07-5158RBL) -12

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669