HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a foreign corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10,<br><br>    Defendants. | NO. C07-5158 RBL<br>NO. C07-1662 RBL<br><br>**DEFENDANTS' COUNSEL OF RECORD MOTION TO WITHDRAW**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 12, 2008.** |

Defendants' counsel of record hereby moves the Court to permit withdrawal. Washington Rule of Professional Conduct 1.16 provides that a lawyer may withdraw from representing a client under a number of circumstances, including the following: (4) the client insists upon taking action with which the lawyer has a fundamental disagreement (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services

DEFENDANTS' COUNSEL OF RECORD'S
MOTION TO WITHDRAW
 (C07-5158 RBL)-1

JEFFERSON COULTER PLLC
214 EAST GALER STREET, SUITE 100
TELEPHONE: 206.957.8181
FACSIMILE: 206.260.2893

1  and has been given reasonable warning that the lawyer will withdraw unless the obligation is
2  fulfilled[1]; (6) the representation will result in an unreasonable financial burden on the lawyer
3  or has been rendered unreasonably difficult by the client; or (7) other good cause for
4  withdrawal exists.  The threshold has been met in this case.

5  Defendants entered into a written fee agreement with counsel of record. Declaration of
6  Jefferson Coulter ("Coulter Decl.") ¶ 2. Defendants have not paid their bill as provided in the
7  fee agreement. Coulter Decl. ¶ 3.  Defendants also have not complied with the monthly
8  payment options proposed by counsel.  *Id.* at ¶¶ 4-5. As a result, counsel is carrying an ever-
9  growing balance of fees and litigation costs which are preventing counsel from providing
10 services to other clients and meeting required operating expenses. *Id.* at ¶ 6. The financial
11 burden on a small law firm has become too difficult to manage. *Id.* at ¶ 6.  Finally,
12 Defendants and counsel fundamentally disagree with strategies for resolving this case,
13 resulting in a breakdown of the attorney client relationship. *Id.* at ¶ 8.

14 GR 2(g)(4)(A) provides that no attorney shall withdraw an appearance in any cause
15 except by leave of court….the attorney will ordinarily be permitted to withdraw until sixty
16 days before the discovery cut off in a civil case."  While the time for presumptive no-cause
17 withdrawal has passed, this court has broad discretion to interpret and apply this local rule and
18 to permit counsel to withdraw for good cause shown.  *See Miranda v. S. Pac. Transp. Co.,*
19 710 F.2d 516, 521 (9th Cir. 1983); *See also Jessica Nelson v. Federal Way Department of*
20 *Safety,* 2007 U.S. Dist. LEXIS 41171, *3, (W.D.WA. C06-1142RSL).  Counsel has
21 demonstrated such good cause under RPC 1.16.

22 GR 2(g)(4)(B) further provides that if the attorney for a corporation is seeking to
23 withdraw, the attorney shall certify to the court that he or she has advised the corporation that

---

[1] Official Comment No. 8 to RPC 1.16 explains that "A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs."

DEFENDANTS' COUNSEL OF RECORD'S
MOTION TO WITHDRAW
(C07-5158 RBL)-2

JEFFERSON COULTER PLLC
214 EAST GALER STREET, SUITE 100
TELEPHONE: 206.957.8181
FACSIMILE: 206.260.2893

it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the corporation's claims for failure to prosecute and/or entry of default against the corporation as to any claims of other parties. Counsel has provided such notification to defendant Trainman Lantern Company. *Id.* at ¶ 9 & 10.

Counsel recognizes that this Court retains full discretion regarding this motion; however, there comes a time where an attorney should be permitted to withdraw. This is one of those times. Defendants' counsel has been put in the untenable position of having clients that despite numerous assurances, have failed to honor the terms of representation and who are unable or unwilling to undertake realistic strategies for resolution or adequately participate in their own defense. Refusing to permit counsel to withdraw under these circumstances would not serve the administration of justice and would not advance defendants' interests. Counsel implores the Court to exercise its discretion and permit Defendants' counsel of record to withdraw.

Respectfully submitted,

Dated this 4th day of December, 2008 at Seattle, Washington.

/s/ Jefferson Coulter

Jefferson Coulter, WSBA #28947

*Attorney for Defendants*

DEFENDANTS' COUNSEL OF RECORD'S
MOTION TO WITHDRAW
(C07-5158 RBL)-3

JEFFERSON COULTER PLLC
214 EAST GALER STREET, SUITE 100
TELEPHONE: 206.957.8181
FACSIMILE: 206.260.2893

# CERTIFICATE OF SERVICE

I hereby certify that on December 4th 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record.

I also hereby certify that I have served via first class mail, postage prepaid, the foregoing motion, declaration and proposed order on the following defendants:

Marcus Mukai
4929 88th Avenue West
University Place, WA 98467

G. Scott Mukai
P.O. Box 240796
Honolulu, Hawaii  96824-0796

Trainman Lantern Company.
612 HARRISON ST # 202
SUMNER, WA  98390

Dated this 4th day December, 2008.

/s/ Jefferson Coulter

Jefferson Coulter

DEFENDANTS' COUNSEL OF RECORD'S
MOTION TO WITHDRAW
 (C07-5158 RBL)-4

JEFFERSON COULTER PLLC
214 EAST GALER STREET, SUITE 100
TELEPHONE: 206.957.8181
FACSIMILE: 206.260.2893