UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company, Plaintiff, v. TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; . SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10 , Defendant. | Case No. C07-5158RBL ORDER DENYING A.G. DESIGN & ASSOCIATES, LLC'S MOTION TO PIERCE TRAINMAN LANTERN COMPANY, INC.'S CORPORATE VEIL |

This matter is before the Court on a motion for partial summary judgment by the Plaintiff A.G. Design & Associates, LLC. For the reasons set forth below, the motion is DENIED.

## I. Introduction

Plaintiff A.G. Design & Associates, LLC, (A.G. Design) requests that the Court disregard Trainman Lantern Company, Inc.'s, (T.L.C.) corporate status as a matter of law and allow it to pierce T.L.C.'s corporate veil [Dkt. #202]. T.L.C. is a Washington corporation. This status would ordinarily

protect the corporation's shareholders, Marcus Mukai and G. Scott Mukai (Mukai brothers), from any personal liability resulting from this suit.

The Mukai brothers are the sole investors and shareholders of TLC [Dkt. #202]. Marcus Mukai is the president and runs the day-to-day operations. G. Scott Mukai is the sole financial investor and is also the chairman of the board of directors. There are certain corporate formalities required under RCW 23B which were not satisfied by T.L.C.[1] There is evidence supporting commingling of funds and improper accounting by G. Scott Mukai[2]. While G. Scott Mukai provided the capital for TLC, there are no records accounting for his investments and contributions to the company. The Court has already ruled as a matter of law that Marcus Mukai breached the covenant not to compete contained in the April 1, 2003 Agreement [Order, Dkt. #148]. Accordingly, the only issue to be decided at trial with respect to that claim is the amount of damages to be awarded to A.G. Design for the breach of contract. A.G. Design's other claims will be litigated at trial and may result in further opportunities to recover damages from T.L.C. According to the Defendants' discovery responses, T.L.C. has no income or assets and is not insured for any judgment against it in this matter.

## II. Discussion

Piercing the corporate veil, or disregarding the corporate veil, is an equitable remedy that the Court may impose to rectify an abuse of the corporate privilege. *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993). In general, the corporate form protects individuals by limiting their liability. *McKeeson HBOC, Inc. v. New York State Common Ret. Fund., Inc.*, 339 F.3d 1087, 1094 (9th Cir. 2003). However, courts may "pierce the corporate veil" and hold corporate officers, directors, or shareholders personally liable if the facts show an overt intention to disregard the corporate entity by using it for improper purposes. *Bd. of Trustees v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir. 1989).

The party seeking to justify personal liability must first establish the following substantive factors:

---

1 For example, T.L.C. has never filed their initial report or any other annual report as required by RCW 23B.16.020. Furthermore, T.L.C. has never reported any income, paid Marcus Mukai a salary, recorded the number of outstanding shares of stock, or paid dividends [Dkt. #202].

2 G. Scott Mukai does not know how much of his personal finances have gone into T.L.C. [Dkt. #202].

(1) a lack of separation between corporate identity and the officers, directors or shareholders, (2) a substantial injustice by not piercing would result, and (3) a fraudulent intent on behalf of the individuals. *Valley Cabinet & Mfg. Co.*, 877 F.2d at 772, *citing Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir. 1979).

Plaintiff successfully establishes element one. By presenting evidence of a lack of corporate formalities within T.L.C. as well as commingling and inaccurate accounting of funds between G. Scott Mukai and T.L.C., Plaintiff shows a lack of separate corporate identity for T.L.C. [Dkt. #202].

Plaintiff successfully establishes element two. Having already succeeded on one claim in this suit, Plaintiff requested proof from T.L.C. showing the existence of any assets or cash to cover potential claims for damages. Plaintiff may also prevail on other claims at trial. T.L.C.'s failure to provide any documentation of its assets illustrates the potential for substantial injustice and hardship facing the Plaintiff.

Finally, the Plaintiff offers sufficient facts to establish that the Mukai brothers acted with fraudulent intent[3]. Marcus Mukai had access to A.G. Design's confidential information including trade secrets, business plans and customer lists which he may have later used in developing and marketing T.L.C.'s lantern. Furthermore, T.L.C.'s lantern was produced to directly compete with A.G. Design's lantern [Dkt. #212].

Defendants failed to timely respond to Plaintiff's motion to pierce the corporate veil. Defendants' response brief was to be served by mail no later than Friday, December 26, 2008. However, Defendants did not file or serve any responsive pleading until January 20, 2009 [Dkt. #218]. Defendants' response was over three weeks late; therefore, the Court will not consider the merits of their brief. Simply because the Defendants proceed pro se does not excuse their conduct in ignoring the procedural rules of the Court. However, the Court is unwilling to simply ignore the facts existing in documents previously filed with the Court establishing a genuine issue of material fact as to at least the element of intent[4]. Because a genuine issue of material fact exists regarding at least the element of intent, Plaintiff's motion to pierce T.L.C.'s corporate veil is DENIED.

### III. Conclusion

---

[3] The Court has already held that Marcus Mukai breached the April 1, 2003 agreement's non-compete provision. This fact establishes circumstantial evidence to infer fraudulent intent by the fact finder at trial.

[4] Defendants claim that T.L.C. was incorporated to effectuate sales of the Mukai brothers' trainman lanterns [Dkt. #205].

Plaintiff has produced admissible facts supporting their motion to pierce T.L.C.'s corporate veil. The Defendants untimely response was not considered by the Court. However, genuine issues of material facts exist regardless of whether Defendants affirmatively argued those facts in response to the particular motion before the Court. A motion for piercing the corporate veil would be more appropriate at trial or after judgement, if needed. Therefore, Plaintiff's motion to pierce the corporate veil of T.L.C. is hereby DENIED WITHOUT PREJUDICE. IT IS SO ORDERED.

Dated this 3rd day of February, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE