HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,<br>Plaintiff,<br><br>v.<br><br>TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10,<br>Defendants. | Case No. C07-5158RBL<br><br>ORDER REQUESTING SUPPLEMENTAL EVIDENTIARY HEARING TO DETERMINE DAMAGES |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment against Defendant Trainman Lantern Company ("TLC") [Dkt. #243]. Because Plaintiff's claimed damages are indefinite and uncertain a supplemental evidentiary hearing is necessary to determine the appropriate damages. Plaintiff's motion is stayed until completion of the supplemental evidentiary hearing.

This matter was scheduled for trial on March 16, 2009. All Defendants failed to appear on that date. Defendants Marcus Mukai and Scott Mukai sought protection under Chapter 7 of the Bankruptcy Code on

ORDER
Page - 1

March 15, 2009 [Dkt. #240]. Their bankruptcy filings resulted in a stay of proceedings against them under 11 U.S.C. § 362. TLC did not seek bankruptcy protection, and this Court entered an Order of Default against TLC on March 18, 2009 [Dkt. #242].

Plaintiff filed this Motion for Default Judgment on March 18, 2009 [Dkt. #243]. It seeks approximately $10 million in lost profits resulting from TLC's actions and the impact of this lawsuit on its potential sales.

Default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). However, Rule 55(b)(2) allows a default judgment against a party by the court upon motion by the non-defaulting party. Fed. R. Civ. P. 55(b)(2).

Granting or denying a default judgment is within the Court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9 th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc.*, *v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). While well pleaded allegations in the Complaint will be taken as true, the plaintiff must establish the relief to which he is entitled. *U.S. v. Suganuma*, 546 F.Supp. 2d 996, 1001 (D.Hawaii 2008). "Indefinite or uncertain damages . . . must be proven in a supplemental hearing or proceeding." *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859, 864 (8 th Cir. 2001).

In support for its motion for default judgment, Plaintiff offers two sets of evidence supporting its claim for $10,442,000 in damages. First, Plaintiff offers financial figures from a business plan created in September, 2003. [Dkt. #243] These financial figures were predictions about A.G.'s sales and profits through 2006 and were prepared in anticipation of a merger between the two companies. Second, Plaintiff offers testimonial evidence from Mr. Herrington, President and CEO of A.G., about the damage to A.G. as a result of the ongoing litigation. *Id*.

As presented thus far, both sets of evidence fail to adequately demonstrate the fact and amount of Plaintiff's claimed damage. Plaintiff's reliance on a six-year old business plan as a primary basis for determining its lost profits is not sufficient to establish the existence of those claimed damages, particularly under the "new business rule." *See e.g.*, *Larsen v. Walton Plywood Co*, 65 Wn.2d 1, 16, 390 P.2d677, 687 (1964). Similarly, Mr. Herrington's estimates about his anticipated lost profits in not sufficient to establish $10,000,000 in lost sales from 2008 and into the future [Dkt. #244] is not sufficient for the court to award such damages.

Additionally, it appears from the materials supplied that despite being aware of the possible deterring effect that litigation might have on certain customers, Plaintiff nonetheless chose to initiate the lawsuit to address Defendants' claimed breaches and infringements. In any event, Mr. Herrington's estimate of $3,600,000 in damages from 2008 and beyond is at this point speculative and requires further evidentiary support. Additionally, Plaintiff should be prepared to differentiate the damages resulting from the existence of this litigation, from those attributable to the acts of the defendant(s), or to explain why he is entitled to the former category of damages.

For these reasons a supplemental evidentiary hearing is required to establish Plaintiff's definite and certain damages. Plaintiff's counsel is directed to contact the Clerk of the Court to arrange the date for such a hearing.

IT IS SO ORDERED.

Dated this 18th day of May, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE