HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

A.G. DESIGN & ASSOCIATES, LLC, a Washington Limited Liability Company,
           Plaintiff,

    v.

TRAINMAN LANTERN COMPANY, INC., a Washington Corporation, d/b/a AMERICAN LANTERN COMPANY, INC.; AMERICAN LANTERN, INC., a Foreign Corporation; MARCUS MUKAI, individually and as a marital community with JANE DOE MUKAI; G. SCOTT MUKAI; and JOHN DOE DEFENDANTS 1 THROUGH 10,
           Defendants.

Case No. C07-5158RBL

ORDER GRANTING DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment against Defendant Trainman Lantern Company ("TLC") [Dkt. #243]. March 15, 2009 [Dkt. #240]. Their bankruptcy filings resulted in a stay of proceedings against them under 11 U.S.C. § 362. TLC did not seek bankruptcy protection, and this Court entered an Order of Default against TLC on March 18, 2009 [Dkt. #242].

Granting or denying a default judgment is within the Court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9 th Cir. 1986). "The general rule of law is that upon default the factual

ORDER
Page - 1

allegations of the complaint, except those relating to the amount of damages, will be taken as true."
*TeleVideo Sys., Inc.*, *v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). While well pleaded allegations in the Complaint will be taken as true, the plaintiff must establish the relief to which he is entitled. *U.S. v. Suganuma*, 546 F.Supp. 2d 996, 1001 (D.Hawaii 2008). "Indefinite or uncertain damages . . . must be proven in a supplemental hearing or proceeding." *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859, 864 (8 th Cir. 2001).

In support for its motion for default judgment, Plaintiff offers two sets of evidence supporting its claim for $10,442,000 in damages. First, Plaintiff offers financial figures from a business plan created in September, 2003. [Dkt. #243] These financial figures were predictions about A.G.'s sales and profits through 2006 and were prepared in anticipation of a merger between the two companies. Second, Plaintiff offers testimonial evidence from Mr. Herrington, President and CEO of A.G., about the damage to A.G. as a result of the ongoing litigation. *Id*.

Plaintiff is entitled to a Default Judgment, and it is clear that the Plaintiff suffered some damage as the result of the Defendants' conduct. Plaintiff is not, however, entitled on the record to a more than $10,000,000 judgment for potential future lost profits. Mr. Herrington's Declaration, which establishes past sales and estimates of further sales, as well as the Defendants' business plan, establish the following:

Plaintiff began selling its Lanterns at a profit in 2000, and its sales expanded rapidly (doubling from $313,605 to $625,721 in 2003.) It claims and demonstrates a gross profit margin of between 29% and 34% on these sales. It claims an average gross profit margin of 36% over time.

At that point, the Defendants entered into a letter of intent to purchase the plaintiff and its lantern design. As a result, Plaintiff A.G. disclosed its design and its books and customer lists to Defendant TLC. TLC submitted to AG its business plan, projecting an increase in profits  TLC began using that information to manufacture a "knock off" product and marketing it to AG's customers. AG's sales demonstrably slowed over the next four years, for no other reason discernable from the record, and based

on Herrington's testimony and other evidence in the record, due directly to Defendant's conduct. (Indeed, Plaintiff's sales began to increase in 2007, after it obtained an injunction against Defendant in this case). Based on its prior sales, its historical growth and profit rates, as well as projections contained in the business plan created by Defendant itself, Plaintiff calculates its loss at $6,842,000 for the 2003-2007 period. It claims that its business will take years to rebuild, and "conservatively" estimates its total loss into the future at $10,400,000.

The Court is not persuaded on the record that the sales trajectory into the future would have continued at the aggressive early pace, or that the estimate of $5,000,000 in future lost profits is in fact a conservative estimate. However, it is clear that Defendant's conduct and breaches in connection with Plaintiff's business had a severe and direct impact on that business. Discounting the Plaintiff's estimates by slightly more than 30%, the Court will award a judgment against the Defendant in the amount of $7,000,000.

The Clerk shall enter a judgment consistent with this Order

IT IS SO ORDERED.

DATED this 15th day of July, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE